**In re James J. GELLERMAN, Elaine L. Gellerman, Debtors.**

**No. 00–13927.**

United States Bankruptcy Court, D. Rhode Island.

June 19, 2001.

Russell D. Raskin, Raskin & Berman, Providence, RI, for Debtors.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

Thomas E. Carlotto, Shechtman Halperin Savage, LLP, Providence, RI, for Salomon Brothers Realty Corp.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtors' Objection to the claim of Salomon Brothers Realty Corp. ("Salomon"), Claim No. 3. At issue is the amount of the arrearage owed to Salomon whose claim is secured by a first mortgage on the Debtors' residence. For the reasons set forth below, the Debtors' Objection to Salomon's Claim Number 3 alleging a pre-petition arrearage of $41,603.04 is SUSTAINED, and said Claim is ALLOWED in the amount of $10,128.63 for the pre-petition arrearage. Salomon's securitized arrearage of $31,474.41 shall be added to the principal balance of the loan.

## BACKGROUND

On November 17, 2000, James and Elaine Gellerman filed a petition under Chapter 13 of the Bankruptcy Code. On December 18, 2000, Salomon filed a secured proof of claim, alleging a debt of $83,216 in unpaid principal and an arrearage of $41,603, for a total claim of $124,819. The Debtors objected to Salomon's proof of claim on the ground that the attachment to the proof of claim did not contain sufficient information to analyze the claim, and that the exhibits failed to include the "terms and conditions of the sale of the *HUD Guaranteed loan* by the Claimant."

On February 23, 2001, the Debtors filed their First Amended Chapter 13 Plan, which divides Salomon's arrearage claim into two classes. Class B provides that the mortgage arrearage of $10,128 will be paid in full. Class C consists of Salomon's "Securitized Interest Arrearage" in the amount of $31,474, which will receive nothing under the plan.

The main disagreement is over the classification, rather than the amount of Salomon's arrearage claim. The Debtors' argue that prior to Salomon acquiring the loan, the Debtors had an agreement with HUD, Salomon's predecessor-in-interest, whereby prior defaults were "securitized." The Debtors had fallen behind on their mortgage on several occasions and entered

into various forebearance agreements with HUD. Apparently, when the Debtors completed the forebearance agreements, the arrearage was still unpaid. HUD segregated the arrearage but did not pressure or pursue the Debtors to make any payments against the securitized arrearage.

When Salomon took over this HUD loan, the securitized arrearage was still segregated and still unpaid. Thereafter, the Debtors fell behind once again on their regular monthly payments, and on February 14, 2000, the Debtors entered into yet another forebearance agreement with Ocwen Federal Bank, the servicer-in-fact for Salomon. *See* Debtors' Exhibit A, Forebearance Agreement dated Feb. 14, 2000. That Agreement states that "completion of this Forebearance Agreement will cure the default under the Loan." It also contains a section entitled "Loan Securitization" which provides:

> The Borrower(s) acknowledge the Loan was previously current when the Loan was securitized, which action shifted the previous loan delinquency into a "corporate advance" or "arrearage" bucket. The Borrower(s) understand that completing the Forebearance Agreement will cure only the delinquent amount that accrued after the Loan was securitized and that the corporate advance balance of $31,474.41 will not be reduced, satisfied, eliminated or forgiven upon completion of the Forebearance Agreement.

Debtors' Exhibit, Forebearance Agreement dated Feb. 14, 2000, p. 2. The Debtors failed to comply with the terms of the Forebearance Agreement prior to bankruptcy, but contend that the arrearage, for purposes of Section 1322(b)(5), should not include the segregated securitized arrearage.

## DISCUSSION

Under Section 1322(b)(5), the Debtors' Chapter 13 plan may:

> notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5). The Debtors argue that the arrearage required to be cured under Section 1322 is the amount in current default, $10,128, and not the older, segregated securitized arrearage, $31,474. Salomon seeks payment under the Plan of the entire arrearage, $41,603.

We have looked to the case law for guidance on this issue but find none, and have not been furnished assistance by the parties. In the circumstances, the parties' pre-bankruptcy contracts become our main source of guidance to determine the arrearage for purposes of Section 1322(b)(5).

According to the Assignment of Mortgage dated September 4, 1996, Salomon is bound by any prior agreements with HUD modifying payments under the Note. The Assignment states: "Any change in the payment obligations under the Note by virtue of any forebearance or assistance agreement, payment plan or modification agreement agreed to by U.S. Department of Housing and Urban Development ("HUD"), whether or not in writing, is binding upon the Assignee/Payee, its successors and assigns." Salomon Exhibit 3, Assignment of Mortgage, p. 2. Prior to the assignment, HUD and the Debtors agreed to separate the securitized arrearage, and HUD did not require ongoing payments against this segregated, past due balance, and Salomon continued to treat the securitized arrearage as a separate and distinct item. When the Debtors defaulted under

the Note with Salomon as the holder, the parties entered into a Forebearance Agreement requiring the Debtors to make certain payments to cure the default. HUD acknowledged that these payments would not reduce the securitized arrearage and that at the completion of the Forebearance Agreement, the default would be cured but the securitized arrearage would not be "reduced, satisfied, eliminated or forgiven." *See* Debtors' Exhibit A, Forebearance Agreement dated 2–14–00.

Given this course of dealing between the parties, I find and conclude that the intent of HUD and the Debtors was to place the securitized arrearage at the end of the Note, and not to require current payments on that amount. I also find that for purposes of Section 1322(b)(5) the arrearage to be cured under the Salomon Note is $10,128, and that allowing Salomon to add the securitized arrearage to this amount would give Salomon a windfall, and would deny the Debtors' the benefit of their earlier bargain with HUD. For these reasons, the Debtors' objection to Salomon's claim is SUSTAINED.

Enter judgment consistent with this opinion.